# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID BORUCHOWITZ, )
               Plaintiff(s), )    Case No. 2:18-cv-00409-GMN-NJK
)
v. )    ORDER
)
DOES I THROUGH X, )
)
               Defendant(s). )

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

The currently operative complaint does not allege a federal cause of action, and instead contends that diversity jurisdiction exists. Compl. at ¶ 4. On March 8, 2018, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction given that (1) the complaint does not allege the existence of diverse parties, Docket No. 3 at 1 (citing *Benton v. Doe 1*, *et al.*, 2013 WL 2038225, at *3 (D. Or. Apr. 19, 2013), *adopted*, 2013 WL 2037470 (D. Or. May 14, 2013)), and (2) the complaint's assertion of the amount in controversy was not supported by facts, Docket No. 3 at 2.

Plaintiff responded to that order to show cause by abandoning his attempt to rely on diversity jurisdiction. Docket No. 4. Instead, Plaintiff now contends that he may be able to plead a federal cause of action for retaliation under Title VII, and seeks leave to amend to do so. Plaintiff did not attach a proposed amended complaint, *but see* Local Rule 15-1(a), nor does Plaintiff explain why leave is

required to file an amended complaint at this juncture, *but see* Fed. R. Civ. P. 15(a) (addressing amending as a matter of course). The Court has serious doubts as to Plaintiff's ability to state a claim for retaliation under Title VII,[1] but it will defer ruling on that issue until Plaintiff has actually filed an amended complaint (if he chooses to do so). Once that amended complaint is filed, the Court will determine whether subject matter jurisdiction exists and, in particular, whether Plaintiff has stated a federal cause of action. *See* Fed. R. Civ. P. 12(h)(3); *see also Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (district court may sua sponte dismiss for failure to state a claim).

While the Court is deferring ruling on subject matter jurisdiction to afford Plaintiff an opportunity to file an amended complaint, the Court feels compelled to remind Plaintiff and his counsel of their obligations under Rule 11 of the Federal Rules of Civil Procedure in drafting and filing any such amended complaint. In the limited filings in this case, Plaintiff has already provided what appear to be directly contradictory factual assertions. For example, Plaintiff attempted to plead diversity jurisdiction on the premise that "Defendants are not known at this time. Plaintiff has **no knowledge** of which states Defendants belong to." Compl. at ¶ 5(b) (emphasis added). In his current filing, however, Plaintiff asserts that he has reason to believe one of the defendants is a supervisor working for Nye County.

---

[1] Plaintiff appears to believe that a supervisor's false accusations made against him to the FBI, standing alone, would constitute retaliation under Title VII. Docket No. 4 at 2. That is incorrect. The elements of a *prima facie* retaliation claim are that (1) the employee engaged in protected activity, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008). Plaintiff has not identified any engagement in protected activity, let alone protected activity causally linked to an adverse employment action. Moreover, Plaintiff provides no indication of any adverse employment action against him and, instead, his complaint makes clear that he maintains his position with the Nye County Sheriff's Department. *See* Compl. at ¶ 9.

Additionally, and significantly, a plaintiff cannot bring a claim for retaliation under Title VII without first exhausting his administrative remedies by filing a timely charge with the EEOC. *See, e.g., Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). Given that Plaintiff is claiming he does not want his supervisor to know of this retaliation claim, Docket No. 4 at 2, it seems obvious that he has not exhausted his administrative remedies with the EEOC.

In short, Plaintiff cannot simply shoehorn his state tort claim allegations of false reports to the FBI into a claim for employment retaliation under Title VII.

Docket No. 4 at 2. It is difficult to imagine how Plaintiff could allege (on March 7, 2018) that he had "no knowledge" of the doe defendants' citizenship, while changing course (on March 22, 2018) to say he believes one of the defendants works for Nye County. *Cf. Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citizenship for diversity purposes is determined based on a number of factors, including "place of employment").

In short, Plaintiff is permitted to file an amended complaint if he chooses. Such amended complaint must be filed by March 30, 2018. In the alternative, Plaintiff may consider it to be the better course to simply file a notice of voluntary dismissal and to pursue his claims in state court. *See* Fed. R. Civ. P. 41(a) (plaintiffs may voluntarily dismiss their cases prior to the filing of an answer or motion for summary judgment and, absent an earlier filed-case involving the same claim, such dismissal is without prejudice).[2]

IT IS SO ORDERED.

DATED: March 23, 2018

                                                    _____
                                                    NANCY J. KOPPE
                                                    United States Magistrate Judge

---

[2] Plaintiff appears to seek leave from the Court to withdraw his complaint. Docket No. 4 at 2. Leave is not required in the current litigation posture. *See* Fed. R. Civ. P. 41(a).